21860

Virginia Rogers FOSTER, Appellant, v. Calvin Van FOSTER, Respondent.
(299 S. E. (2d) 854)

*James W. Shaw*, of *Lawrence & Shaw*, Spartanburg, *for appellant.*

*David E. Turnipseed*, of *Turnipseed, Holland & Smith*, Spartanburg, *for respondent.*

Jan. 25, 1983.

*Per Curiam:*

This action, brought by appellant (wife) against the respondent (husband), resulted in a decree granting to the wife

---

[1] See also Op. Atty. Gen. No. 2286, 6/14/67; Home Owners Loan Corp. v. Polk County, 1 N. W. (2d) 742 (Iowa 1942).

custody of a minor child of the parties, support for the child, attorney's fees, and the sum of fifteen hundred ($1500.00) dollars as her equitable interest in certain real estate acquired in the name of the husband during marriage. Her claim for alimony was denied apparently on the basis of the adequacy at the time of her independent earnings. A divorce was granted on the ground of one year continuous separation of the parties. The wife has appealed and challenges only the amount awarded for her equitable interest in the property, because of (1) its gross inadequacy, and (2) the failure of the trial judge to set forth in his order the findings of fact on which the valuation of her equitable interest was based, in violation of Family Court Rule 27(3).

The order of the trial judge fails to set forth any facts to support its conclusion and clearly fails to comply with Rule 27(3) of the Rules of the Family Court. In view of that fact and the apparent inadequacy of the award to the wife, we remand the cause to the Family Court for a trial de novo on the question of the amount of the wife's equitable interest in the marital property.